**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HIRAM MILES** | § | |
| **#785448** | § | |
| | § | |
| **V.** | § | **A-16-CA-023-RP** |
| | § | |
| **SHARON KELLER, LAWRENCE E.** | § | |
| **MEYERS, TOM PRICE, PAUL** | § | |
| **WOMACK, CHERYL A. JOHNSON,** | § | |
| **MIKE KEASLER, BARBARA P.** | § | |
| **HERVEY, ELSA ALCALA, CATHY** | § | |
| **COCHRAN, and MELISA SKINNER** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

Miles brings a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Justices of the Texas Court of Criminal Appeals and Melisa Skinner, presiding judge of the 290th Judicial District Court in Bexar County, Texas.  Miles alleges his rights to procedural due process were violated during his state habeas corpus proceedings.  Specifically, Miles alleges he filed his ninth state application for habeas corpus relief on August 21, 2013.  He apparently asserted his court-appointed

counsel failed to inform him of his right to pursue a petition for discretionary review. Miles contends this right was newly recognized by the Texas Court of Criminal Appeals in Ex parte Owens, 206 S.W.3d 670 (Tex. Crim. App. Sept. 13, 2006). According to Miles, on February 3, 2014, Judge Skinner recommended that Miles be given the right to file an out-of-time petition for discretionary review. On March 12, 2014, Justices Keller, Meyers, Price, Womack, Johnson, Keasler, Hervey, Alcala, and Cochran dismissed Miles ninth state habeas petition as a successive writ.

Miles asserts the Justices violated his rights and deprived him of his liberty interest in not allowing him to utilize state procedures to obtain an out-of-time petition for discretionary review as a result of Anders counsel's ineffectiveness. Miles seeks a declaration that the new application of law in Ex parte Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006) meets the exception for review under Article 11.07 § 4(a)(1) of the Texas Code of Criminal Procedure and the failure to review Anders counsel's omissions under the new application of law violates Miles' rights under the Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution. Miles additionally requests the Court to issue a permanent and mandatory injunction ordering the Justices of the Texas Court of Criminal Appeals to act affirmatively and apply the procedural laws of Section 4(a)(1) of Article 11.07 of the Texas Code of Criminal Procedures to Owens and review his state application for habeas corpus relief.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Mandamus

Miles's challenge is construed as an application for writ of mandamus because Miles is merely seeking to have the federal court direct the state court to perform its duties as he wishes. Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  But a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).  Accordingly, to the extent Miles requests mandamus relief, his request should be dismissed. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); Rhodes v. Keller, 77 Fed. Appx. 261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint, construed as

3

a petition for mandamus relief, because plaintiff was merely seeking to have the federal court direct the state court to perform its duties as he wished).

In addition, the law does not require state courts to process state applications for habeas corpus relief in a manner acceptable to Miles.  Miles has not shown that the appellate judges used procedures that resulted in a violation of his constitutional rights.  Rather, the Texas Court of Criminal Appeals obviously determined Miles's claim was not dependent on Owens and could have been raised in a prior application for habeas corpus relief.   Miles simply fails to allege a basis for relief under § 1983.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer

to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of February, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE